UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JASON A. MATT, AS INDEPENDENT ADMINISTRATOR OF THE SUCCESSION OF STEVEN JAMES MATT AND AS TRUSTEE OF THE EDWARD & ELIZABETH MATT TRUST, AND THE EDWARD & ELIZABETH MATT TRUST<br><br>versus<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), improperly named in Petition without the leading "The" in its name, files this Notice of Removal for the removal of this action from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana and to the extent required, reserves any and all rights, objections, defenses and exceptions. In support of removal, Northwestern Mutual further respectfully states and avers as follows:

1.

Northwestern Mutual is the defendant in a civil action brought against it in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, entitled "*Jason A. Matt as Independent Administrator of the Succession of Steven James Matt and as Trustee of the Edward*

{N4035679.2}

*& Elizabeth Matt Trust, and the Edward & Elizabeth Matt Trust v. Northwestern Mutual Life Insurance Company,"* and given Docket No. 20202359-I by that Court.

2.

This action was initiated by the filing of the Petition by Plaintiffs, Jason A. Matt as Independent Administrator of the Succession of Steven James Matt and as Trustee of the Edward & Elizabeth Matt Trust, and the Edward & Elizabeth Matt Trust ("Plaintiffs"), on May 18, 2020. Northwestern Mutual was served through its agent for process, the Louisiana Secretary of State, on June 3, 2020. Copies of the Citation and Petition, and the accompanying Request for Notice, as served are attached as Exhibit 1. This satisfies the requirement of 28 U.S.C. § 1446(a), which requires that copies of all pleadings, process and orders that have been served on the removing party shall be submitted.

3.

This Notice of Removal is timely, as it is being filed within thirty days of service upon Northwestern Mutual. 28 U.S.C. §§ 1446.

4.

The United States District Court for the Western District of Louisiana, Lafayette Division, is the federal judicial district embracing the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana, where the suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a) and 98(c).

5.

Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on the parties and will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

## DOMICILE OF THE PARTIES

6.

Plaintiff, Jason A. Matt, was, at the time of the filing of the Petition, and is, at the time of filing of this Notice of Removal, a citizen of the State of Louisiana.  Petition, ¶ 1.  While Jason A. Matt is not a party in his individual capacity, his citizenship is relevant as set forth below.

7.

Plaintiff, Jason A. Matt as Independent Administrator of the Succession of Steven James Matt, is the proper party to sue to enforce a right of the succession.  La. Code Civ. P. art. 1685.  *See also* Fed. R. Civ. P. 17(a).  The citizenship of a Succession or an estate for purposes of diversity jurisdiction is the citizenship of its administrator or legal representative.  28 U.S.C. § 1332(c)(2).  Since the Administrator Jason A. Matt is a citizen of Louisiana, plaintiff Jason A. Matt as Independent Administrator of the Succession of Steven James Matt is a citizen of Louisiana for purposes of diversity jurisdiction.

8.

Plaintiff, Jason A. Matt as Trustee of the Edward & Elizabeth Matt Trust is the proper party to enforce a right of the Edward & Elizabeth Matt Trust.  La. Code Civ. P. art. 689.  *See also* Fed. R. Civ. P. 17(a).  Where the trustee may sue in his own name, even though in a representative capacity, the citizenship of the trust for diversity purposes is the citizenship of the trustee.  *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 100 S. Ct. 1779 (1980); *Carden v. Arkoma Associates*, 494 U.S. 185, 191, 110 S.Ct. 1015, 1019 (S. Ct. 1990); *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357-358 (5th Cir. 2017).  Accordingly, plaintiff Jason A. Matt as Trustee of the Edward & Elizabeth Matt Trust is a citizen of Louisiana for purposes of diversity jurisdiction.  In the alternative, to the extent that the citizenship of the beneficiaries may be

relevant, upon information and belief, the beneficiaries Edward Matt and Elizabeth Matt were and are citizens of either Louisiana or Texas, both at the time of filing and at the time of removal to this Court. In either event, their citizenship is such that complete diversity exists.

9.

Plaintiff, the Edward & Elizabeth Matt Trust, is not the proper party to enforce a right of the Edward & Elizabeth Matt Trust. The proper party is the Trustee. La. Code Civ. P. art. 689. Accordingly, the rules of improper joinder apply, and the citizenship of the trust or its beneficiaries are not relevant for purposes of diversity of citizenship jurisdiction. In the alternative, to the extent that the citizenship of the trust and/or that of beneficiaries may be relevant, the Edward & Elizabeth Matt Trust is a testamentary trust executed in statutory and notarial form in Louisiana (Petition, ¶ 1), and upon information and belief, the trustee and the beneficiaries Edward Matt and Elizabeth Matt were and are citizens of either Louisiana or Texas, both at the time of filing and at the time of removal to this Court. In either event, their citizenship is such that complete diversity exists.

10.

Defendant Northwestern Mutual was at the time of the filing of the Petition, and is at the time of filing of this Notice of Removal, a Wisconsin mutual corporation with its principal place of business in Wisconsin. Accordingly, for diversity of citizenship purposes, it is a citizen of the State of Wisconsin.

11.

Complete diversity of citizenship exists in this matter because: (a) Plaintiffs and Northwestern Mutual are, and have been at all relevant times, citizens of different states, and (b)

defendant Northwestern Mutual has not been at any relevant time, and is not now, a citizen of the forum.

## BACKGROUND

12.

Plaintiffs bring suit on a life insurance policy that they allege to be in the face amount of $350,000.  Petition, ¶¶ 3-7.

13.

In the Petition, Plaintiffs claim that due to Northwestern Mutual's alleged refusal to pay benefits, they are entitled to damages, penalties and attorney's fees.  Petition, ¶¶ 15, 26, 32 and Prayer for Relief.  Plaintiffs cite La R.S. 22:1811, La. R.S. 22:1892 and La. R.S. 22:1973 in support of their claim.  Petition, ¶¶ 16, 21.  Although Northwestern Mutual disputes the Plaintiffs' entitlement to benefits or penalties, La R.S. 22:1811 and La. R.S. 22:1973 entitle a plaintiff to recover damages and/or penalties, but not attorney's fees, under certain very limited circumstances.[1]  Where both actual and punitive damages are recoverable, each must be considered to the extent claimed in determining the jurisdictional amount. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

14.

Even though Northwestern Mutual disputes plaintiffs' entitlement to any benefits, penalties, actual damages, or attorney's fees, they are included in determining the amount in controversy.  "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is

---

[1] Plaintiffs also cite La. R.S. 22:1892, which does not apply to life insurance policies. Petition, ¶ 16.

{N4035679.2}

really for less than the jurisdictional amount.'" *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938), *and also quoting Associacion National v. Dow Quinicade Columbia*, 988 F.2d 559, 564 (5th Cir. 1993).

15.

Accordingly, the amount in controversy as of the date of filing far exceeded the jurisdictional threshold of $75,000.00, as it included $350,000 in benefits, as well as alleged damages and penalties.

16.

The amount in controversy requirement is satisfied because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a).

17.

Accordingly, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that there is, and has been at all relevant times, complete diversity of citizenship by and among the parties to the action, and the amount in controversy exceeds the sum of $75,000. Additionally, because Northwestern Mutual has not been at any relevant time, and is not now, a citizen of Louisiana, the requirement of 28 U.S.C. § 1441(b) that no defendant properly joined and served is a citizen of the state in which the action was originally brought is satisfied.

**WHEREFORE**, having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq.*, including all the jurisdictional requirements of 28 U.S.C. § 1332. Defendant The Northwestern Mutual Life Insurance Company prays that this Notice of Removal be deemed good and sufficient, and respectfully removes the matter of "*Jason A. Matt as Independent*

{N4035679.2}


*Administrator of the Succession of Steven James Matt and as Trustee of the Edward & Elizabeth Matt Trust, and the Edward & Elizabeth Matt Trust v. Northwestern Mutual Life Insurance Company,"* from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the docket of this Honorable Court.

        Respectfully submitted,

        */s/ Covert J. Geary*
        COVERT J. GEARY (#14280)
        TAYLOR K. WIMBERLY (#38942)
        Jones Walker LLP
        201 St. Charles Avenue, 49th Floor
        New Orleans, Louisiana 70170-5100
        Telephone:  (504) 582-8276
        Facsimile:  (504) 589-8276
        cgeary@joneswalker.com

        **Attorneys for The Northwestern Mutual Life Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by e-mail attachment, this 29th day of June 2020.

        */s/ Covert J. Geary*